S. GOLDBERG

v.

BENJAMIN M. EINSTEIN ET AL.

*Conditional Sales—Time within Which Vendee May Return Goods.*

Where, by the terms of a contract of sale, the goods sold are not to be shipped until a fixed date, and the vendee has the right, meantime, to examine and to reject any portion of the same, the time within which such examination and rejection must be made can not be abbreviated by any independent action on the part of the vendor; and a declaration of law by the court below, stating that if the vendee desire to return any of the goods he must do so within a reasonable time after they were received, was, upon the case presented, erroneous.

Goldberg v. Einstein.

[Opinion filed April 9, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Gibbons, Kavanagh & O'Donnell, for appellant.

Messrs. Hoyne, Follansbee & O'Connor, for appellees.

Waterman, P. J.   According to the testimony of appellant, appellees' agent came to the store of Goldberg in Nebraska City in January and obtained an order for clothing, upon an agreement that the goods ordered were not to be shipped from Chicago until March 15th; that meantime, when appellant went to Chicago, he was to have an opportunity to look over the goods ordered and might then " cancel or change any lot he chose." The goods were shipped so that they reached Nebraska City about February 28th. Appellant was, when they arrived, just going to take the train for Chicago, to which place he came but did not call upon appellee. As soon as he returned to Nebraska City he examined the goods and returned a portion of them, notifying appellees of such action. Appellees refused to receive the goods returned, and brought suit for the price thereof.

A jury being waived, the court held as a proposition of law, the following:
. " The court declares the law to be that if the court believe from the evidence that if the defendant ordered the goods in controversy from the plaintiffs upon condition that the same were not to be shipped to the defendant before a certain date, and that he was to have the privilege of canceling his order for the same if he desired, when he came to Chicago, before the time fixed for the shipment of the goods to the defendant, yet even if the goods were shipped to the defendant before the date fixed for the shipment of the same, the defendant was bound in law, if he desired to return the said goods, to return or offer to return the same

within a reasonable time after receiving the same; and if the defendant did not return or offer to return the same within a reasonable time after receiving the same, the court will find for the plaintiffs."

While it is the case that ordinarily a vendee failing to return or object to goods within, under the circumstances, a reasonable time after their reception, will be held to have accepted them, yet where, by the terms of the contract, they are not to be shipped until a fixed date, and he is to have, in the meantime, a right to examine and to reject any portion of his purchase, the time within which such examination and rejection may be made can not be abbreviated by any independent action on the part of the vendor. The vendee having stipulated for a definite period within which his option might be exercised, could not, without his consent, be deprived of any portion of such time. It is easy to be seen that many reasons might exist, making important and valuable the full time within which such an election could be exercised.

For these reasons we do not think that the third proposition held by the Circuit Court correctly states the law; and as from its holding we must infer that the court found for the plaintiff, although it might have believed Goldberg's statement of the transaction to be the true version; we must reverse this judgment.

*Reversed and remanded.*